IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS M. RIVERA,**<br>　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**SUPERINTENDENT GARMAN, and**<br>**PENNSYLVANIA ATTORNEY**<br>**GENERAL'S OFFICE,**<br>　　　　　　**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 20-2717** |

## O R D E R

**AND NOW**, this 15th day of July, 2021, upon consideration of *Pro Se* Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed May 27, 2020), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, dated August 24, 2020 (Document No. 8, filed August 24, 2020), *Pro Se* Petitioner's Objections to the Report and Recommendation of Judge Lynne A. Sitarski, dated August 24, 2020 (Document No. 15, filed December 14, 2020) and the Response to Objections to Report and Recommendation filed by the District Attorney of Berks County (Document No. 18, filed March 18, 2021), **IT IS ORDERED** as follows:

　　　1.　　The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated August 24, 2020 is **APPROVED** and **ADOPTED**;

　　　2.　　*Pro Se* Petitioner's Objections to that part of the Report and Recommendation which addresses the timeliness of the § 2254 Petition are **OVERRULED**;

　　　3.　　The claim raised for the first time in *pro se* petitioner's Objections—the trial court did not have jurisdiction to sentence *pro se* petitioner on April 10, 2013 for violating the terms of his probation because he was not serving his probationary sentence at the time of the violation— is **DISMISSED**; That objection is **OVERRULED**; and

4. *Pro Se* Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

## I. BACKGROUND

The facts of this case are set forth in detail in Magistrate Judge Sitarski's Report and Recommendation ("R & R") and are recited in this Order only as necessary to address *pro se* petitioner's Objections.

On October 16, 2007, *pro se* petitioner was sentenced by the Court of Common Pleas of Berks County to 30 to 60 months' incarceration, followed by five years of probation, for a robbery conviction. *Pro se* petitioner did not file any post-sentence motions or pursue a direct appeal. On April 10, 2013, the trial court determined that *pro se* petitioner violated the terms of his probation and, as a result, revoked his probation and sentenced him to six months to four years' incarceration. Again, *pro se* petitioner did not file any post-sentence motions or a direct appeal.

On August 29, 2016, *pro se* petitioner filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. The PCRA court dismissed his PCRA

petition as untimely on June 12, 2017, and on August 16, 2019, the Superior Court of Pennsylvania affirmed the decision of the PCRA court.

On May 16, 2020—approximately seven years after the April 10, 2013 sentence became final—*pro se* petitioner filed Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), asserting two grounds for relief. First, "he argues that his resentencing as of April 10, 2013 was illegal because the trial judge failed to award him credit for thirty months' time served on his original sentence." R & R, 10. Second, "he argues that the Superior Court should not have construed his 'Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*' as a PCRA petition." *Id*. at 11.

On August 12, 2020, this Court referred the case to Magistrate Judge Sitarski for a report and recommendation. By R & R dated August 24, 2020, Magistrate Judge Sitarski recommended dismissing the Petition on the grounds that *pro se* petitioner's claims were untimely, procedurally defaulted and not cognizable. *Pro se* petitioner filed Objections to the R & R on December 14, 2020. The District Attorney of Berks County filed a Response on March 18, 2021. The case is thus ripe for decision.

## II.  LEGAL STANDARD

Following a magistrate judge's report and recommendation, a party may serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72. Those objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." E.D. Pa. R. 72.1(IV)(b). Generalized objections will not suffice. *Palmer v. Apfel*, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998). A district court then evaluates *de novo* those portions of a magistrate judge's report and recommendation to which the objections are made and may "accept, reject, or

3

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

*Pro se* petitioner presents two arguments in his Objections: (1) the trial court did not have jurisdiction to sentence him on April 10, 2013 for violating the terms of his probation because he was not serving his probationary sentence at the time of the violation, and (2) the one-year statute of limitations for habeas corpus petitions set forth by 28 U.S.C. § 2244(d)(1) should be equitably tolled to permit consideration of his claims.[1]

The first argument was raised for the first time in *pro se* petitioner's Objections; it was not raised in the § 2254 Petition or otherwise presented to the magistrate judge. Accordingly, that Objection is overruled and that argument is dismissed. *Grant v. Tice*, No. CV 17-3471, 2019 WL 2016260, at *1 (E.D. Pa. May 6, 2019) (DuBois, J.) (dismissing with prejudice novel claim not raised in initial § 2254 Petition but raised in Objections).

The Court next addresses *pro se* petitioner's second argument—that the statute of limitations should be equitably tolled. As set forth *supra*, *pro se* petitioner did not file any post-sentence motions or pursue a direct appeal of the sentence imposed on April 10, 2013. Thus, the instant Petition was filed approximately seven years after that decision became final on May 10, 2013—far exceeding the one-year statute of limitations. Nevertheless, *pro se* petitioner objects to that part of the R & R that recommends dismissal of his § 2254 Petition as untimely, arguing that the statute of limitations should be equitably tolled for two reasons. First, *pro se* petitioner contends that equitable tolling is warranted on the ground that he asked his trial counsel to appeal the April 10, 2013 sentence, but his counsel did not file an appeal. Second, he argues that

---

[1] *Pro se* petitioner states four Objections which overlap significantly and, collectively, support these two arguments.

equitable tolling is warranted on the ground that his PCRA petition dated August 25, 2016 would have been timely filed had he not been "denied access to the court." Objections, 3. For the following reasons, the Court concludes that equitable tolling is not warranted and overrules *pro se* petitioner's Objections to that part of the R & R which addresses the timeliness of the § 2254 Petition.

The United States Court of Appeals for the Third Circuit has held that the one-year filing deadline for habeas corpus petitions under 28 U.S.C. § 2244(d)(1) may be subject to equitable tolling

> only when the principles of equity would make [the] rigid application [of a limitation period] unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller v. New Jersey Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations and quotations omitted). Equitable tolling may be appropriate: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (internal citations and quotations omitted).

Assuming *arguendo* that *pro se* petitioner's first equitable tolling argument—trial counsel "ignor[ed] [his] constant attempts to have him file [*pro se* petitioner's] appeal" of the April 10, 2013 sentence—is true, he has nevertheless failed to show that the statute of limitations should be equitably tolled. As explained by the Third Circuit in *Fahy v. Horn*, 240 F.3d 239, 244 (2001), "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable

tolling." In this case, a breakdown in attorney-client communication and the fact that *pro se* petitioner's attorney did not file an appeal do not rise to the level of the extraordinary circumstances which must be present for equitable tolling to apply. Accordingly, *pro se* petitioner's first argument in support of equitable tolling is rejected.

Second, *pro se* petitioner argues that equitable tolling is warranted on the ground that he attempted to timely file his PCRA petition but was "denied access to the court." As explained *supra*, *pro se* petitioner's PCRA petition was filed on August 29, 2016—over three years after his April 10, 2013 sentence became final. *Pro se* petitioner's vague assertion that he was "denied access to the court," without any supporting evidence, does not justify this three-year delay. *Pro se* petitioner fails to establish that he was prevented from asserting his rights "in some extraordinary way," as required by the equitable tolling standard. Thus, the Court rejects *pro se* petitioner's second argument in support of equitable tolling.

For all of the foregoing reasons, *pro se* petitioner's Objections to the conclusion in the R & R that the § 2254 Petition was untimely are overruled.

## IV. CONCLUSION

The claim raised for the first time in *pro se* petitioner's Objections—the trial court did not have jurisdiction to sentence *pro se* petitioner on April 10, 2013 for violating the terms of his probation because he was not serving his probationary sentence at the time of the violation—is dismissed. That Objection is overruled. *Pro se* petitioner's Objections to that part of the R & R which recommends dismissal of the § 2254 Petition as untimely are overruled. The Court approves and adopts the R & R. *Pro Se* Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings

with respect to *pro se* petitioner's claims.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**